Eugene MALONE, Petitioner,

v.

STATE OF TENNESSEE, Respondent.

No. CIV–2–76–27.

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 17, 1976.

On Showing of Special Need for
Adjudication March 23, 1976.

Eugene Malone, pro se.

Brooks McLemore, Atty. Gen. of Tenn., Nashville, Tenn., for respondent.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a *pro se* application by the petitioner Mr. Malone for the federal writ of habeas corpus. He appears to claim that he was deprived by the state of Tennessee of his federal rights: to due process of law, Constitution, Fourteenth Amendment, in that he was indicted without having had a preliminary hearing; to a speedy trial and the assistance of counsel, Constitution, Sixth Amendment; and to the equal protection of the law, Constitution, Fourteenth Amendment.

The applicant does not appear from the allegations in his application to be in the custody of a representative of the state of Tennessee " * * * pursuant to the judgment of a State court * * * ", 28 U.S.C. § 2254(a), and he makes no claim of the exhaustion of his state remedies, 28 U.S.C. §§ 2254(b), (c). Neither does he claim the existence of any special or extraordinary circumstances.

" * * * [W]here there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its 'pre-trial' habeas [corpus] jurisdiction only

if the petitioner makes a special showing of the need for such adjudication and has exhausted state remedies. * * * " *Moore v. DeYoung,* C.A.3d (1975), 515 F.2d 437, 443[5], citing *Braden v. 30th Judicial Circuit Court of Kentucky* (1973), 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443. The applicant hereby is ALLOWED 10 days herefrom in which to make a special and satisfactory showing herein of (1) the exhaustion of his state remedies, *and* (2) his need for adjudication by this Court at this time. Upon his failure so to do within such period of time, his application hereby is DENIED, Rule 58(1), Federal Rules of Civil Procedure, without prejudice to the applicant to renew his present application after he has availed himself of the remedies afforded him by the laws of Tennessee in the courts of Tennessee.

## MEMORANDUM OPINION AND CERTIFICATE

### ON SHOWING OF SPECIAL NEED FOR ADJUDICATION

This applicant for the federal writ of habeas corpus, who is not in the custody of the respondent " * * * pursuant to the judgment of a State court * * * ", 28 U.S.C. § 2254(a), undertook to show special circumstances supporting his need for adjudication by this Court at this time of his federal constitutional claims. See memorandum opinion and order herein of March 17, 1976. His salient contentions are that he is being forced to a trial on the merits of an indictment in the Criminal Court of Greene County, Tennessee without having been accorded or having waived preliminary examination, and that he is being effectively denied therein the assistance of counsel.

▆▆▆ " * * * [F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. * * * " *Braden v. Judicial Circuit Court of Kentucky* (1973), 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443, 449[4]. " * * * '[E]arly federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. * * * ׳ [[T]he doctrine] preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings. It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts.' * * * " *Ibid.,* 410 U.S. at 490–491, 93 S.Ct. at 1127, 35 L.Ed.2d at 450. " * * * [N]othing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court. * ׳* * " *Ibid.,* 410 U.S. at 493, 93 S.Ct. at 1129, 35 L.Ed.2d at 451.

In *Braden, supra,* Mr. Braden had " * * already presented his federal constitutional claim of a *present* denial of a speedy trial to the courts of Kentucky. The state courts rejected the claim * * * ". He came " * * * to federal court, not in an effort to forestall a state prosecution * * *. He delayed his application for federal relief until the state courts had conclusively determined * that his prosecution was temporarily moribund. * * * " *Ibid.,* 410 U.S. at 491, 93 S.Ct. at 1127–1128, 35 L.Ed.2d at 450. Those special circumstances are not present herein. It is the urging of the applicant Mr. Malone that this Court forestall completely the prosecution of him by the state of Tennessee in the state trial court. There is no reason at this point to assume that the trial (or, at least, the appellate) court(s) of Tennessee will prove inhospitable to any of Mr. Malone's federally-protected interests. Under those circumstances, Mr. Malone has not shown specifically and satisfactorily circumstances warranting this Court in interrupting and derailing a pending state adjudication.

* Mr. Braden was demanding a speedy trial of an indictment pending against him, and the commonwealth of Kentucky was refusing affirmatively to try him speedily.

For such reason, the petitioner Mr. Eugene Malone hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Should the applicant give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause. The term, special circumstances, being so much the product of subjective consideration, such certificate will thereupon ISSUE. Rule 22(b), Federal Rules of Appellate Procedure.